**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | |
| | : | **Case No. 07-53240** |
| **Kenneth Keith Kilbourne** | : | |
| **Gale Lynn Kilbourne** | : | **Chapter 13** |
| | : | |
| **Debtors,** | : | **Judge:  PRESTON** |
| _____ : | |
| | : | |
| **Kenneth & Gale Kilbourne** | : | |
| **4640 Stonehill St.** | : | |
| **Hilliard, OH  43026** | : | **Adv. Pro. No.** |
| | : | |
| **On Behalf of Themselves and Others** | : | **Class Action Complaint** |
| **Similarly Situated** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CitiMortgage Inc.** | : | |
| **c/o CT Corporation System** | : | |
| **1300 E. 9th St.** | : | |
| **Cleveland, OH  44114** | : | |
| | : | |
| **Defendant.** | : | |

**CLASS ACTION COMPLAINT**

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the general order of reference previously entered in this district.  This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).  This Court location is the proper venue for this action under 28 U.S.C. §1409.

2. Plaintiffs Kenneth and Gale Kilbourne ("Kilbournes") are citizens of the United States and residents of the City of Hilliard, Ohio.

3. Defendant, CitiMortgage, Inc. ("CitiMortgage") is a corporation organized and existing under the laws of the State of New York, but doing business in Ohio.

## Facts and Allegations

4. On or around November 24, 2003, the Kilbournes executed a Note and Mortgage ("Mortgage Loan") with ABN AMRO Mortgage Group, Inc. ("ABN AMRO"), the Note being in the amount of $184,400.00, and the Mortgage being on the Kilbournes' home located at 4640 Stonehill Street, Hilliard, Ohio 43026.

5. On April 30, 2007, the Kilbournes filed a petition under Chapter 13 of the Bankruptcy Code, in this Court.

6. This bankruptcy case was denominated  In re Kenneth Keith Kilbourne and Gale Lynn Kilbourne, 2:07-bk-53240, and assigned to Judge C. Kathryn Preston.

7. Since that date of filing, the Kilbournes have been debtors and subject to the jurisdiction of this Court.

8. ABN AMRO received notice of the Kilbournes' bankruptcy case.

9. On August 16, 2007, ABN AMRO filed an amended, secured proof of claim (Claim No. Amended 2) showing a total amount due on the Mortgage Loan of $165,140.44, which included an arrearage amount of three thousand nine hundred sixty three dollars and fifty-five cents $3,963.55.

10. ABN AMRO's claim was provided for in the Kilbournes' filed Chapter 13 Plan.

11. On December 3, 2007, this Court confirmed the Kilbournes' Chapter 13 plan (Doc. 32).

12. The Kilbournes' Confirmed Plan provided that the Kilbournes would make monthly payments to the Chapter 13 Trustee, who would in turn make contractual monthly "conduit" Mortgage Loan payments to ABN AMRO.

13. On or around December 2007, CitiMortgage became successor in interest by merger to ABN AMRO, and began servicing the Kilbournes' Mortgage Loan.

14. Over the next approximately four (4) years, the Kilbournes made all of their monthly payments to the Chapter 13 Trustee, pursuant to the plan.

15. The Kilbournes successfully completed their Chapter 13 Plan in or around November 2012.

16. Over the course of Kilbournes' Plan, the Chapter 13 Trustee disbursed sufficient funds to cure any default in the Kilbournes' mortgage obligation and satisfy all regular post-petition mortgage payments owed through November 2012.

17. Pursuant to a letter received from the Office of the Chapter 13 Trustee Frank M. Pees, dated November 8, 2012, the Kilbournes began timely making their mortgage payments directly to CitiMortgage, beginning in December 2012.

18. On December 17, 2012, this Court entered an Order Granting Trustee's Motion to Deem Mortgage Current (Doc. 63).

19. Accordingly, this Court Ordered that, as of November 2012 ("Final Payment Date"): (a) All pre-petition arrearage claims of CiMortgage were paid in full through the confirmed Chapter 13 Plan; (b) All regular, post-petition mortgage payments were made by the Trustee, and all such "conduit" payments were deemed to have been made on a timely basis; (c) The mortgage obligation to CitiMortgage was deemed current as of November 2012; and (d) CitiMortgage was required to adjust its loan

balance to reflect the balance delineated in the original amortization schedule as of November 2012, and any amounts in excess of that balance, including any alleged arrearages, cost, fees or interest were thereby discharged pursuant to 11 U.S.C. § 1328.

20. On December 27, 2012, this Court granted the Kilbournes a discharge under 11 U.S.C. § 1328(a) (Doc. 65).

21. The Kilbournes received a letter dated February 22, 2013 from CitiMortgage's Collection Department attempting to collect on fees in the amount of $427.61 (See attached letter, "Exhibit A").

22. The February 22, 2013 collection letter prompted the Kilbournes to investigate their account by accessing CitiMortgage's website, and an online report indicated CitiMortgage was carrying multiple "Delinquency Expenses" on the account that were posted by CitiMortgage during the Kilbournes active bankruptcy.

23. Mr. Kilbourne then called CitiMortgage and explained to a representative that, pursuant to the Deem Current Order and the Discharge Order, CitiMortgage was not permitted to collect on the fees indicated as owed.

24. A CitiMortgage representative responded that CitiMortgage was within its legal rights to collect on the fees.

25. Mr. Kilbourne notified the CitiMortgage representative that he would be retaining legal counsel to address the matter, and the representative told Mr. Kilbourne to , "go ahead and sue us."

26. Unable to resolve the matter with CitiMortgage, the Kilbournes retained legal counsel.

27. Counsel for the Kilbournes sent a letter to CitiMortgage, dated March 28, 2013,
    requesting that CitiMortgage cease and desist with further collection on the indicated
    charges, alerting CitiMortgage that counsel was considering the appropriateness of
    filing a class action, asking that CitiMortgage produce certain information, and
    strongly recommending that the letter be forwarded to CitiMortgage's legal counsel
    for review (See attached letter, "Exhibit B").

28. CitiMortgage did not respond to counsel's March 28, 2013 letter.

29. On May 22, 2013, the Kilbournes refinanced their mortgage loan with another bank.

30. Pursuant to the refinance transaction, CitiMortgage provided a payoff statement dated
    May 17, 2013 indicating a June 1, 2013 loan payoff balance of $121,524.73, which
    included delinquency expenses of $1,612.50 and late charges of $427.61 (the amount
    CitiMortgage sought to collect upon in their February 22, 2013 collection letter) (See
    attached, "Exhibit C").

31. The Kilbournes did not want risk losing the favorable terms of their refinance, and
    therefore moved forward with the closing despite their concerns about CitiMortgage's
    delinquency fees and charges.

32. Pursuant to the refinance transaction, on May 28, 2013, CitiMortgage received a loan
    payoff in the amount of $121,504.73, this amount being the $121,524.73 balance
    indicated on the May 17, 2013 payoff statement, adjusted for an additional wire
    expense in the amount of $15.00 and a deduction of two days of interest in the
    amount of $35.00 (See attached, "Exhibit D").

33. On May 22, 2013, counsel filed a Motion to Reopen the Kilbournes' Chapter 13
    Bankruptcy, and this Court granted said motion on July 5, 2013.

**<u>Claim for Relief:  Contempt of Court And Request For Sanctions</u>**

34. All statements made in the proceeding paragraphs are incorporated into this Claim for Relief as if fully rewritten herein.

35. This Court issued numerous orders in the Kilbornes' bankruptcy case, including an Order Confirming Chapter 13 Plan (Doc. 32), an Order Granting Trustee's Motion To Deem Mortgage Current (Doc. 63), and an Order Discharging Debtors (Doc. 65).

36. The terms of these orders generally required CitiMortgage to deal responsibly with the mortgage debt owed by the Kilbournes both during and after they completed their Chapter 13 Plan.

37. CitiMortgage failed to comply with the orders of this Court.

38. CitiMortgage failed to properly administer the Kilbournes' mortgage loan following successful completion of their bankruptcy Plan.

39. CitiMortgage rejected the Kilbornes' requests, including those by counsel, to review the administration of the Mortgage Loan and resolve any errors.

40. CitiMortgage attempted to collect from the Kilbournes certain arrearages, costs, fees, other charges, and/or interest that were discharged pursuant to the Orders of this Court.

41. CitiMortgage collected from the Kilbournes certain arrearages, costs, fees, other charges, and/or interest that were discharged pursuant to the Orders of this Court.

42. CitiMortgage has thereby failed to comply with this Court's Order to Deem Mortgage Current.

43. CitiMortgage has thereby failed to comply with this Court's Order Discharging the Kilbournes.

44. CitiMortgage has thereby willfully violated the discharge injunction, 11 U.S.C. § 1328(a), and 11 U.S.C. § 524 et seq.

45. CitiMortgage's errors and omissions, and consequent violations of U.S. Bankruptcy Laws and orders of this Court, have caused the Kilbournes actual damages, costs, and attorney's fees.

46. CitiMortgage has shown a complete lack of care towards the orders of this Court.

47. CitiMortgage should be held in contempt of this Court and punished for its behavior.

48. The Kilbournes therefore request that the Court issue an order finding CitiMortgage in Contempt of this Court, sanctioning CitiMortgage in an amount this Court determines is just and equitable, and requiring CitiMortgage to pay the Kilbournes' costs and attorneys fees in this action.

## Class Action

49. All statements made in the proceeding paragraphs are incorporated into this Class Action as if fully rewritten herein.

50. Upon information and belief, CitiMortgage uses a global platform and set of procedures to service mortgage loans, including those in bankruptcy.

51. Upon information and belief, CitiMortgage uses a global platform and set of procedures to generate arrearages, costs, fees, other charges, and/or interest associated with mortgage loan accounts, including those in bankruptcy.

52. Upon information, belief, and representation(s) made by CitiMortgage, CitiMortgage systematically generates, and attempts to collect and/or collects from Chapter 13 debtors, amounts of the same nature as those CitiMortgage attempted to collect, and collected from the Kilbournes.

53. Upon information, belief, and representation(s) made by CitiMortgage, CitiMortgage believes it has the legal right to attempt to collect and/or collect, from Chapter 13 debtors, amounts of the same nature as those CitiMortgage attempted to collect and collected from the Kilbournes.

54. The Kilbournes seek class relief in this action, on behalf of others similarly situated, pursuant to Fed. R. Civ. P. 23, by way of Fed. R. Bank. P. 7023.

55. The Putative Plaintiff class is comprised of all individuals similarly situated to the Kilbournes who (1) filed for Chapter 13 bankruptcy in the Southern District of Ohio; (2) owed amounts to CitiMortgage, as servicer or holder, on debt secured by real property; (3) were in default on said owed amounts at the time they filed their Chapter 13 bankruptcy; (4) had their Chapter 13 Plan confirmed with terms requiring that payments on said debt be made by the Chapter 13 Trustee during the pendency of their bankruptcy; (5) completed their plan on or after August 19, 2008, and were subsequently granted a discharge through a deem mortgage current order and/or a discharge order; and (6) were attempted to be collected upon or were collected upon, by CitiMortgage, for certain arrearages, costs, fees, other charges, and/or interest that were accrued either pre-petition or during the pendency of their bankruptcy, and were subject to discharge, but were not disclosed to, and/or approved by, the Court.

56. The Putative Plaintiff class is further comprised of all individuals similarly situated to the Kilbournes who (1) filed for Chapter 13 bankruptcy in the United States; (2) owed amounts to CitiMortgage, as servicer or holder, on debt secured by real property; (3) were in default on said owed amounts at the time they filed their Chapter 13 bankruptcy; (4) had their Chapter 13 Plan confirmed with terms substantially similar

to those of the Southern District of Ohio, requiring that payments on said debt be made by the Chapter 13 Trustee during the pendency of their bankruptcy; (5) completed their plan on or after August 19, 2008, and were subsequently granted a discharge through a deem mortgage current order and/or a discharge order; and (6) were attempted to be collected upon or were collected upon, by CitiMortgage, for certain arrearages, costs, fees, other charges, and/or interest that were accrued either pre-petition or during the pendency of their bankruptcy, and were subject to discharge, but were not disclosed to, and/or approved by, the Court.

57.  Upon information and belief, the Putative Plaintiff class in this action is so numerous that joinder of all members is impractical.

58. The Kilbournes and the putative plaintiff class share common questions of fact and/or law.

59. The Kilbournes' claims are typical of the putative plaintiff class members' claims.

60. No conflicts of interest exist between the Kilbournes and the putative plaintiff class they seek to represent.

61. The Kilbournes have common interests with the members of the putative plaintiff class.

62. The Kilbournes will vigorously prosecute the claims of the putative plaintiff class as a whole.

63. Counsel representing the Kilbournes in this class action proceeding are qualified, experienced, and generally able to conduct the litigation.

64. The issues in this action that are subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof.

65. A class action is the superior method of adjudicating the issues brought forth in this proceding.

66. The Kilbournes, on behalf of the putative plaintiff class, therefore request that the Court issue an order finding CitiMortgage in Contempt of this Court, sanctioning CitiMortgage in an amount this Court determines is just and equitable, and requiring CitiMortgage to pay the putative plaintiff class members' costs and attorneys fees in this action.


WHEREFORE, the Kilbournes, on behalf of themselves and others similarly situated, respectfully seek all legal relief as requested in this COMPLAINT against CITIMORTGAGE, plus any other relief that the Court determines is just and equitable under the circumstances.


Respectfully submitted,

/s/   Michael B. Zieg
Michael B. Zieg (0066386)
James E. Nobile (0059705)
**Nobile & Thompson Co., L.P.A.**
4876 Cemetery Rd.
Hilliard, Ohio 43026
(614) 529-8600
(614) 529-8656 (fax)
mzieg@ntlegal.com
jenobile@ntlegal.com
*Attorneys for Debtors and Plaintiffs*